47  167
66  283

DORSEY NEVILLE AND OTHERS *vs.* THE LITCHFIELD CARRIAGE COMPANY.

A statute passed in 1869 provided that the Superior Court as a court of equity might, upon the application of any stockholder, decree the dissolution of a corporation and the winding up of its affairs, upon finding that a certain state of things existed. A statute passed in 1871 provided that the Superior Court might decree the dissolution of any joint stock corporation and the winding up of its affairs upon the petition of one-third of its stockholders, proceeding in the manner provided in the statute first mentioned. Held that, in a proceeding under the latter statute it was not necessary for the petitioners to allege and prove the particular facts which were necessary under the former statute, but that the court might decree such dissolution and winding up whenever it found that the interests of the petitioners and other parties concerned required it.

The same parties had brought a petition against the same corporation for the same object one year before the present suit was brought, the allegations of the petition being essentially the same as those of the present one, which petition was, upon a hearing, dismissed by the court. Held that that adjudication was not a bar to the present petition, and the petitioners were not limited in their evidence to facts which had occurred since the former suit was brought.

A case where the point to be established is a state of things which calls for the equitable interposition of the court, is very different, in respect to a former suit for the same object, from one where the matter sought to be established is an independent fact or facts. In the latter case a previous adjudication would have determined finally the existence or non-existence of the fact or facts. In the former case the suit may have been dismissed because the facts as they then stood did not constitute a sufficient case to warrant the interposition of the court, while the case may since have become complete by the mere progress of events and without any distinctively new or independent facts.

And so far as there may be new facts that could be proved they may depend for their weight and significance on former facts, making the proof of such former facts necessary as a part of the case.

PETITION to the Superior Court for a decree dissolving the respondent corporation, the appointment of a receiver, and the winding up of its affairs, brought under the provisions of the statute, Gen. Statutes, p. 315, art. 5, sec. 2. The petitioners were more than one-third of the stockholders. The corporation was organized under the statute with regard to joint stock corporations. The respondents demurred to the petition, and on the demurrer being overruled pleaded a

former adjudication in bar and also a general denial. The court (*Martin, J.,*) granted the prayer of the petition, appointed a receiver, and made an order that the officers of the company deliver over its property to the receiver. The respondents filed a motion in error and for a new trial. The case is sufficiently stated in the opinion.

*H. B. Graves* and *C. B. Andrews,* with whom was *G. C. Woodruff,* in support of the motions.

*G. A. Hickox* and *A. H. Fenn,* contra.

GRANGER, J. This is a petition brought upon the statute (Gen. Statutes, p. 315, sec. 2,) for winding up the affairs and decreeing the dissolution of a joint stock corporation. The statute is as follows: "The Superior Court in the county where any joint stock corporation is located may wind up its affairs and decree its dissolution on the petition of one-third of its stockholders, and may proceed in the manner provided in respect to the dissolution of corporations on the petition of a single stockholder." The petitioners in the present case are more than one-third of the stockholders of the respondent corporation.

The statute authorizing the winding up of a corporation on the petition of a single stockholder is found on page 281 of the General Statutes, (sec. 23,) and provides as follows: "The Superior Court in the county in which any corporation organized under the laws of this state has its principal place of business, may as a court of equity on the application of any of its stockholders wind up its affairs and dissolve it, if said court shall find that said corporation has voted to wind up its affairs, or abandoned the business for which it was organized, and has thereafter neglected within a reasonable time or in a proper manner to wind up its affairs and distribute its effects among its stockholders, and for this purpose may appoint one or more receivers."

The petition was brought to the Superior Court for Litchfield County at its April term, 1878, at which term the petitioners filed a supplemental bill, and at the same term the

respondents, the Litchfield Carriage Company, filed a plea in bar, on the ground that the petitioners, together with certain other stockholders of the company, before the Superior Court at Litchfield on the 1st Tuesday of April, 1877, impleaded the respondents in a bill for the same causes of complaint substantially as in the present bill contained, and praying for the same relief as that prayed for by the present bill, and that such proceedings were thereupon had that the respondents recovered judgment therein, and the bill was dismissed, and a decree to that effect passed by the court. The respondents also filed a general demurrer to the bill, and a general denial, upon all of which pleas issue was joined by the petitioners. The court found all the facts contained in the petitioners' bill and in the supplemental bill to be proved, and also found that it was expedient and for the best interest of the stockholders of the corporation, and for all parties in interest, and that a due regard to the rights and interests of the petitioners required, that the affairs of the corporation be wound up and its dissolution decreed, and a decree to that effect was passed accordingly. The respondents filed a motion in error and a motion for a new trial, and the case is before us on those motions.

The first question arising under the demurrer is, whether the petitioners' bill and supplemental bill are sufficient in law to confer jurisdiction upon the court to pass a decree in favor of the petitioners. The solution of this question depends upon the construction of section 23, page 281, and section 2, page 315, of the General Statutes. The respondents claim that the Superior Court has no power independently of our statute to wind up and dissolve corporations, and for this purpose has only such power as is conferred upon it by the statute. We may well concede that this proposition is correct; but it by no means follows that the inference is a correct one which the respondents claim is to be drawn, namely, that the latter section gives no authority additional to or different from that given by the former section, and that therefore the court had no jurisdiction in the case. It will be seen upon reference to the two acts of the legislature, passed, the first in

1869 and the second in 1871, (Session Laws of 1869, p. 219, and of 1871, p. 257,) that although the object of the two acts now embodied in the revision of 1875 in the two sections referred to was the same, namely, the winding up of the corporation, yet the conditions under which the object was to be accomplished were quite different, and contemplated the action of the Superior Court upon an entirely different state of facts in the two cases.   Under the first act it was provided substantially as set forth in the 23d section, p. 281 of the revision of 1875, that the Superior Court as a court of equity under certain conditions might wind up the affairs of any corporation and dissolve the same upon the application of any of its stockholders, whenever it should appear to the court that the corporation "had voted to wind up its affairs, or had abandoned the business for which it was organized, and had neglected for an unreasonable time to wind up its affairs and distribute its effects among its stockholders."

It will be observed that this act applies to any corporation organized under the laws of this state, and is broad enough to embrace, and was undoubtedly intended to embrace, all corporations, chartered as well as joint stock.   It is a wise and wholesome provision, and was intended to protect the interests of any and all stockholders, and to compel the corporation to distribute its effects among those entitled to the same within a reasonable time after it had voted to wind up its affairs or had abandoned the business for which it was organized.   No good reason can be suggested why under such circumstances the Superior Court should not decree a dissolution and a distribution of the assets among the stockholders, and any stockholder upon showing to the court that the corporation had voted to wind up its affairs, or that it had abandoned its business, and neglected to distribute its assets for an unreasonable time, is entitled to a decree of dissolution and distribution under this statute.   But it is manifest that the act of 1871 is not to be construed as the same in effect with the act of 1869.   If the act of 1871 gives no additional authority to the court the conclusion is inevitable that the legislature has done a work of supererogation—has passed an

act for which there was no occasion, and continued the same on the statute book for nine years to no purpose and for no end, unless it be for the perplexity of courts and the embarrassment of parties seeking redress under its provisions. Every presumption is against such a conclusion, and there is no argument in favor of it. A comparison of the original acts of 1869 and 1871 makes it manifest that the two acts were entirely distinct except as to mere mode of procedure. The act of 1869, as we have seen, provides under what circumstances the court can decree a dissolution. The act of 1871 as originally passed is as follows: "Whenever the holders of one-third or more of the stock of any joint stock corporation organized under the laws of this state shall desire its dissolution, they may bring their petition in equity to the Superior Court in the county where such corporation has its principal place of business, asking for its dissolution and the winding up of its affairs, and such court shall have power, if it deem it expedient and for the best interest of the stockholders, to wind up the affairs of said corporation and dissolve the same." And it then provides that it may proceed in the manner provided in the act of 1869. Prior to the passage of this act the legislature retained the authority to rescind the powers of joint stock corporations, and to prescribe such mode as was necessary or expedient for the settlement of their affairs. Revision of 1866, p. 176, sec. 424. This section was repealed by the act of 1871. It is manifest that it was the intention of the legislature to vest this power in the Superior Court, and although the statute as condensed in the revision of 1875 does not contain all the expressions of the act of 1871, we think it evident that it was never intended by the revisors, or by the legislature in adopting the revision, to restrict or in any way limit the power of the Superior Court under the original act of 1871, and we have no hesitation in holding that under this act, and under section 2, page 315, of the revision of 1875, it is not necessary for the petitioners to allege or prove that the corporation has voted to wind up its affairs, or that it has abandoned its business, or that it has neglected for an unreasonable time to distribute its effects,

after voting to wind up, although the allegation and proof of such facts would unquestionably be legitimate and proper; but if they can allege and prove such facts as go to satisfy the court that it will be expedient and for the best interest of all the stockholders that the affairs of the corporation be wound up, then the court is warranted in decreeing a dissolution of the corporation and a distribution of its effects.

The allegations in the petitioners' bill in this case are ample and sufficient, and the demurrer was properly overruled.

The question raised upon the motion for a new trial is whether the former adjudication between the same parties was a bar to the present suit, and as evidence excluded the evidence offered by the petitioners in support of their bill. The former suit was between the same parties, and was a proceeding in equity, like the present one, for the appointment of a receiver and the winding up of the affairs of the present corporation, the allegations of the former bill being essentially the same as those of the present one. But a proceeding for the dissolution of a corporation and the winding up of its affairs, based upon its bad financial condition—a condition presumably involving an increasing indebtedness and diminishing assets, stands upon entirely different ground from a suit which is based upon a fixed and independent fact or facts. The very facts which existed at the former trial, but were held to be insufficient to sustain the petitioners' bill, may have been held insufficient solely because they were immature, and in their then condition indecisive, while the lapse of a year, with no accession of any strictly new facts, may yet have rendered complete a former incomplete delay, or decisive a former neglect then held indecisive, or show a hopelessness of insolvency that did not then so clearly appear. It is like the case of a pauper whom a former adjudication may have held not to have acquired a settlement in a certain town that is sued for supplies furnished him. The time that has elapsed between the former adjudication and the present suit may have been sufficient to have perfected a settlement that had not then ripened. Or like the case of a person alleged to be insane; a former adjudication may have held his insanity not

proved, and yet a year after it may admit of clear proof. In all these cases the former adjudication is not only no bar to the later suit, but in the later suit the party setting up the controverted fact is not limited in his evidence to facts which have occurred since the former suit was brought, but may prove such previous facts as the incipient part of his present case—as a part of a general state of things which has culmi-- nated in a complete case. If the petitioners in the present case were limited in their proof to facts occurring since the former suit was brought, those facts might lose all their significance. It is only as they are the continuation and development of pre- viously existing facts that they have any force, and those previous facts must be proved in connection with them to give them their character and proper effect. We think there was no error in the admission of proof of the allegations of the petitioners' bill, even though the allegations were the same as in the former bill.

A new trial is not advised, and there is no error in the decree.

In this opinion the other judges concurred.