JUNE, 1895.                           277

Links et al. *v.* Conn. River Banking Co. et al.

TILLIE LINKS ET AL. *vs.* THE CONNECTICUT RIVER BANK-
ING COMPANY ET AL.

First Judicial District, Hartford, May Term, 1895.   ANDREWS, C. J., TOR-
RANCE, BALDWIN, HAMERSLEY and THAYER, Js.

Creditors of an insolvent corporation in the hands of a receiver judicially
appointed, whose claims have been proved and allowed by the court,
are entitled to be heard in the receiver suit upon any of the doings of
the court, or of the receiver, by which they might claim to be aggrieved,
with the right to appeal to this court from a final decree unfavorable
to their interests.   If the receiver declines to collect unpaid stock sub-
scriptions and acts in collusion with the delinquent stockholders, the
creditors may ask his removal by the court; but they cannot resort to
an independent suit against such delinquent stockholders for the unpaid
subscriptions, and for the appointment of a receiver to administer the
amounts thus collected.

Having instituted such an independent suit the plaintiffs applied for an
order under which the receiver could be made a co-defendant.   *Held*
that the application was properly refused, as leave of court to sue the
receiver had not previously been obtained in the cause in which he was
appointed.

A demurrer by a defendant to the complaint in an action brought against
him individually, with a process of foreign attachment against him in
a representative capacity, cannot be regarded as an admission of any-
thing by him in that capacity, although the main claim be against him
in that capacity.

A court which has appointed a receiver in a suit pending, cannot be called
upon in another suit between different parties, to make any order affect-
ing his official conduct or position.

The right of a party under General Statutes, § 1023, to amend his complaint,
may be restrained by the court within reasonable limits as respects
time, under General Statutes, § 1027.

[Argued May 8th—decided June 7th, 1895.]

ACTION in the nature of a creditors' bill against alleged
delinquent subscribers to the capital stock of the Enterprise
Manufacturing Company, for the collection of their unpaid
subscriptions, and the appointment of a receiver; brought to
the Superior Court in Hartford County and tried to the court,
*Robinson, J.,* upon defendants' demurrers to the complaint;
the court sustained the demurrers and thereafter judgment

was rendered (*Hall, J.*) for the defendants, and the plaintiffs appealed for alleged errors in the rulings of the court. *No error.*

This was an equitable action by certain creditors of the Enterprise Manufacturing Company, a joint stock corporation, suing also in behalf of all other creditors similarly situated, to recover the amount of their respective claims from certain stockholders who had not paid in their subscriptions to its capital. It was brought to the Superior Court for Hartford County, in July, 1894. The plaintiffs alleged that the corporation was in the hands of a receiver, appointed by that court in August, 1893, in an action brought by certain of its stockholders to wind it up, and had been dissolved by decree of the court; that they had filed their claims in the receiver suit, which had been allowed by the court; that the defendants had never paid in anything on their stock subscriptions; that the corporation was insolvent, and its property insufficient to pay the debts allowed against it, unless these subscriptions were collected; that the directors, though well knowing this, had neglected and refused to call in any of said unpaid subscriptions; that the organization certificate of the company contained the false and fraudulent statement that each of the defendants had paid up his subscription in full in cash; that three of the defendants had signed as directors and sworn to the truth of said certificate, knowing it to be untrue; that one of said three directors, who was also one of the subscribers to the stock, and the secretary of the company, had been appointed the receiver, in the prior suit, on the application of the defendants as stockholders, and not of the plaintiffs or any creditors of the company; that he was acting in concert with the other defendants to prevent the collection of any of said subscriptions; that he was directed in the order by which he was appointed receiver to collect forthwith the debts of said corporation, which order was still in force; that the plaintiffs had requested him to bring suit to collect said subscriptions and offered to indemnify him from all cost and damages that might result from any such suit, but that he had neglected

and refused to sue; and that in June, 1894, they had applied to the Superior Court, in the receiver suit, for leave to sue in his name to collect said subscriptions, on filing a sufficient bond of indemnity; but the court had refused to order such suits to be brought, or to allow them to bring them in the receiver's name. The relief sought was an order that the defendants pay up their several stock subscriptions to a receiver to be appointed by the court, and that he should therewith pay off the debts of the plaintiffs. A process of foreign attachment was included in the writ, naming the company and its receiver as debtors and trustees of one of the defendants.

The defendants demurred to the complaint, and it was adjudged (*Robinson, J.*) insufficient. An amendment was then allowed, stating that the decision of the court, in June, 1894, on the plaintiffs' application in the receiver suit, was placed upon the ground that the receiver had ample authority, under the order appointing him, to bring such suits, and whether he should sue or not was a matter to be determined by him according to his best judgment; and that the receiver had decided that according to his best judgment it was not advisable to sue, or to let the plaintiffs sue in his name, and had rejected and abandoned all title and interest, as such receiver, in and to said unpaid subscriptions.

The defendants demurred again to the complaint, as amended, and it was again, *pro forma*, adjudged (*Hall, J.*) insufficient.

A motion was then made by the plaintiffs for leave to cite in the receiver as a co-defendant. This was denied (*Hall, J.*). They afterwards moved for leave to add a second count, by way of amendment, which set out substantially, though in different form and arrangement, the same ground of action contained in the original complaint, as amended; but leave was refused, (*Hall, J.*) and the complaint dismissed, with costs. From this judgment the plaintiffs appealed.

*Charles J. Cole* and *Hugh O'Flaherty*, for the appellants (plaintiffs).

The court erred in rendering final judgment against the plaintiffs in the case : First, because it was the only form of redress which they had. *Ward* v. *Griswoldville Manufacturing Co.*, 16 Conn., 593 ; *Hatch* v. *Dana*, 101 U. S., 205. Second, because the receiver being only a trustee for the benefit of these creditors, and having colluded with the stockholders, and refused to bring suit, though requested so to do by the plaintiffs, the plaintiffs had the right to sue under these circumstances. *Allen* v. *Curtis*, 26 Conn., 456 ; *Terry* v. *Bamberger*, 44 id., 562 ; *Crandall* v. *Lincoln*, 52 id., 94 ; 27 Amer. & Eng. Ency. of Law, 280 ; High on Receivers, § 314, p. 248 ; *Henning* v. *Raymond*, 35 Minn., 309. Whether the receiver was appointed before or after proceedings were instituted, makes no difference in the case. *Glenville Woolen Company* v. *Ripley*, 43 N. Y., 209 ; *Fisher* v. *Andrews*, 44 N. Y., Supreme Court, 176 ; *Greaves* v. *Gouge*, 69 N. Y., 154 ; *Mann* v. *Pentz*, 3 N. Y. (Comstock), 415. A motion for leave to sue was unnecessary. *Hackley* v. *Draper*, 60 N. Y., 91 ; *Kelsey* v. *Sargent*, 47 N. Y., Supreme Ct., 150. If it became necessary to make the receiver a party to the suit, it was the duty of the trial court to have seen that he was made a party. The plaintiffs had a right to amend their complaint, and it was error in the court to refuse to allow them to do so. *Porter* v. *Sabin*, 149 U. S., 478 ; *Brown* v. *Folsom*, 62 N. H., 527 ; 17 Amer. and Eng. Ency. of Law, 592 ; Practice Act, §§ 11, 12, 15, 16 and 17. The plaintiffs, being the sole parties in interest, had a right, after the rejection by the receiver of the unpaid subscriptions, to bring suit for the collection thereof, for the purpose of applying them to the payment of their claims. *Filley* v. *King*, 49 Conn., 212 ; *Allen* v. *Curtis*, 26 id., 456 ; *Hightower* v. *Thornton*, 8 Ga., 486 ; *Atwood* v. *R. I. Agricultural Bank*, 1 R. I. 376 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y., 60 ; *Pahquioque Bank* v. *Bethel Bank*, 36 Conn., 325.

*Charles E. Perkins* and *Arthur F. Eggleston*, for the appellees (defendants).

I. The idea that any creditors can, without the consent of

the court, commence suits to take the assets of the company, whether debts or other property, and apply it to their claims, is utterly inconsistent with the fundamental principles of equity relating to receiverships.  20 Amer. & Eng. Ency. of Law, 138, 288, and cases cited; Cook on Stock and Stockholders (Edition of '89), § 208; Beach on Receivers, § 444. High on Receivers, § 164; Beach on Receivers, § 447; *Attorney General* v. *Guardian Life Co.*, 77 N. Y., 272.

If for any reason any creditor considers that he has a special lien or claim upon any of the assets of the estate, whether visible property or debts, his remedy is to apply to the court which appointed the receiver, by intervention in that suit. *Columbian Co.* v. *De Golyer*, 115 Mass., 67; *Chafee* v. *Quidnick Co.*, 13 R. I., 442.

If it were true that the court preferred to leave the matter of a suit to the discretion of the receiver, and the latter refused to sue, and abandoned the claim, that proceeding would not at all affect the control of the court over the claims. It still can at any time order a suit if it thinks fit, and no other court will interfere with its possession or its rights.

The claim of the plaintiffs, as we understand it, is based solely upon their allegations that the receiver himself has refused to bring suits for the collection of these subscriptions, and the inference is that, therefore, any creditor may sue for and collect them.  The various decisions cited to sustain this theory are not in point. *Mann* v. *Pentz*, 3 N. Y., 415; *Dayton* v. *Borst*, 31 id., 435; *Brinkerhoff* v. *Bodwick*, 88 id., 52; *Hightower* v. *Thornton*, 8 Ga., 486; *Atwood* v. *Bank*, 1 R. I., 376; *Wheeler* v. *Bank*, Harring. (Mich.), 449; Waite on Fraudulent Conveyances, § 114; *Pahquioque Bank* v. *Bethel*, 36 Conn., 325; *Glenville Woolen Co.* v. *Ripley*, 43 N. Y., 206.  So far as we can discover, no court has ever sustained a claim like that of the plaintiffs, but whenever the question has arisen, which is very seldom, courts have held the other way.  *Skinner* v. *Maxwell*, 68 N. C., 400; 2 Story's Equity, §§ 891, 833*a*; *Gas Co.* v. *Bennett*, 6 La. An. 456; *Gas Co.* v. *Haynes*, 7 id., 114; *Brown* v. *Folsom*, 62 N. H., 527.

II. The other reasons of appeal are all disposed of by the decision in this. The allowance of an amendment is always a matter of discretion, after the first thirty days of the court to which the suit is returnable. Gen. Statutes, § 1023. Besides, the proposed amendment was in substance the same as the original complaint, and open to the same objections.

The court did not err in refusing to order the receiver to be made a party defendant. As appears from the authorities before cited, a receiver cannot be sued without the consent of the court appointing him, and this consent must be obtained in the proceeding in which he was appointed.

BALDWIN, J. The plaintiffs state a strong case for equitable relief, but they have mistaken their remedy.

By General Statutes, §§ 1942, 1965, the Superior Court, as a court of equity, had power to wind up the affairs of the Enterprise Manufacturing Company and decree its dissolution, on a petition by stockholders in the company, showing due cause; and on complaint of any person aggrieved by such doings to grant such relief as the nature of the case might require. The plaintiffs allege that proceedings of this nature were had, resulting in a decree dissolving the corporation, appointing a receiver, and ordering him to collect all debts due to it forthwith; and that under this decree they have proved in those proceedings claims against the corporation to a large amount, which have been allowed by the court.

It would seem from the statements in the complaint that the selection of a receiver was inconsiderately made. The demurrer admits that the company was insolvent, and that he was a stockholder, who had paid nothing on his stock, a director who had falsely and fraudulently certified under oath, in the organization certificate, that all the stock had been fully paid up in cash, and the secretary of the company at the date of the decree. These circumstances were doubtless unknown to the Superior Court, when he was appointed, and if brought to its attention, on a motion for his removal, would be such as to require immediate action to that end.

But while their existence is conceded in the case at bar, it cannot be assumed in passing upon the questions involved in the proceedings in the other action. The plaintiffs made the Enterprise Manufacturing Company and the receiver of the company, as such, garnishees in their writ, but not defendants. He was made a defendant individually and in his own right, as a delinquent stockholder, and joined in the demurrer; but this cannot affect his rights, as receiver, to be heard, before he is condemned.

The plaintiffs allege that he has refused to sue any of the delinquent stockholders, or to allow them to sue in his name, upon giving him sufficient indemnity; that he is acting in collusion with the other stockholders; that he has abandoned all title to their unpaid subscriptions; and that the Superior Court has refused to order him to sue, or to let them sue in his behalf. In determining the effect of such a condition of things upon the plaintiffs' rights to the remedy they seek, we are again, and for the same reason, compelled to regard it as not established for the purpose of determining what relief they might obtain or should have obtained in the receiver suit, after a decision by the receiver to abandon the stock claims as not worth pursuing. As creditors of the corporation, whose claims had been proved and allowed under the decree, they had the right to be heard there upon any of the doings of the court or the receiver, by which they might claim to be aggrieved. They had the right to ask for the removal of the receiver, but they have not done this. They had the right, should any decree be passed in the progress of that cause, which as to them was a final one, and was unfavorable to their interests, to bring it before this court for review upon appeal. *Trustees* v. *Greenough*, 105 U. S., 527; *Neville* v. *Litchfield Carriage Co.*, 47 Conn., 167; *Leonard* v. *Charter Oak Life Ins. Co.*, 65 id., 529.

The Enterprise Manufacturing Co. has been dissolved, and its rights of action against its delinquent stockholders have passed to its receiver. General Statutes, § 1322. The administration of its estate is in the hands of the Superior Court for Hartford County; but only in the exercise of its

jurisdiction over the cause in which the receiver was appointed. It can no more make orders to affect that cause, while sitting to hear another, between different parties, pending in the same county, than if it were a different court, or in session in a different county. These distinctions are not merely formal. They are essential to the administration of justice. An estate in the possession of a receiver must be administered in the presence of those who were parties to the appointment, or they would be denied their day in court.

The plaintiffs sought to improve their situation by applying to the court, in the present suit, for an order under which the receiver could be made a co-defendant. This application was properly refused, the leave of the court in the receiver suit not having previously been obtained. A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed. *Porter* v. *Sabin*, 149 U. S., 473. He is presumed to be acting according to the will of that court; and to sue him is necessarily to bring in another court to take part in the disposition of the estate which has been put in his charge. The rule that where a court has once acquired jurisdiction over a particular subject-matter, it retains it free from interference by any other court, is that which governs ; and cases affecting legislative receiverships, or receivers of national banks, are therefore inapplicable, as authorities.

The refusal to allow the amendment of the complaint, by adding, seven months subsequent to the institution of the action, and after two successive demurrers had been sustained, a second count, constitutes no ground of appeal. General Statutes, § 1027.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.