MAURICE E. DAVIS *vs.* BENEDICT M. HOLDEN, RE-
CEIVER (MARTIN E. PIERSON *vs.* THE PIERSON EN-
GINEERING AND CONSTRUCTION COMPANY).

* Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and TUTTLE, Js.

The question whether a court will permit its receiver to be sued is
largely a matter of discretion.

There is no reason why a court which is already in possession of tangible
personal property claimed to be owned by an intervening petitioner,
should allow such claimant to sue its receiver for such property in
another court, since that situation is controlled by the well-estab-
lished rule that where a court has once acquired jurisdiction over
a particular subject-matter, it retains that jurisdiction free from
interference by any other court.

Argued June 13th—decided July 6th, 1917.

APPLICATION by Maurice E. Davis, the alleged
owner of personal property in the hands of the receiver
of the Pierson Engineering and Construction Company,
for leave to bring an action against said receiver for
the recovery of such property, brought to and heard
by the Superior Court in Hartford County in which
the receivership proceedings were pending; the court,
*Shumway, J.*, denied the application, and the applicant
appealed. *No error.*

On April 27th, 1916, a temporary receiver, afterward
confirmed and appointed permanent receiver, was ap-
pointed over the Pierson Engineering and Construction
Company, a corporation largely engaged in construc-
tion work, whose machinery, tools and equipment
were located at various places where the work was then
in progress.

One Maurice E. Davis applied to the court for an
order requiring the receiver to deliver to him certain

* Transferred from first judicial district.

property described in a so-called conditional bill of sale. The application was denied, and his petition for leave to sue the receiver was then filed and denied. The property in question appears from the papers to include a large part, if not all, of the tangible assets now in the hands of the receiver.

*Alvan Waldo Hyde,* for the appellant (Davis).

*Lucius F. Robinson,* for the appellee (Holden, Receiver).

BEACH, J. The petition is singularly brief. It simply alleges that the petitioner entered into an agreement, recorded and acknowledged according to law, with the defendant Company, whereby it was agreed that certain goods and chattels delivered by Davis to the Company should remain the property of Davis until certain payments had been made by the defendant; and that neither the defendant nor the receiver has made the payments, although the receiver is now in possession of the property. Wherefore the petitioner prays for leave to bring suit to determine his rights under the contract.

There is no allegation or finding that Davis was the owner of the property at the time when the agreement was executed; or that the payments to be made were instalments of an agreed purchase price. On the contrary, the agreement refers to "construction work now in progress in the town of Burlington," and recites that a large part of the equipment is located there. So far as this record shows, the transaction between Davis and the Pierson Engineering and Construction Company may have been an attempt to secure Davis for past or present advances by giving him a conditional bill of sale instead of a chattel mortgage.

Davis *v.* Holden.

It also appears from the finding that the property described in the agreement was, at the time of filing the petition, in use by the receiver in carrying out contracts made by the defendant Company before the receivership.

The petition does not indicate what particular kind of an action the petitioner desires to bring against the receiver. The prayer for relief is broad enough to include, if granted, permission to bring replevin, and take the property out of the custody of the court pending the determination of the petitioner's rights under the contract. Under the circumstances a summary dispossession of the receiver by replevin is out of the question. The property is already in the custody of the court, which is making use of it in carrying out the defendant's contracts, in an attempt to conserve the defendant's assets for the benefit of all concerned.

Finally, the question whether a court will permit its receiver to be sued is largely a matter of discretion. There is no reason why the Superior Court, being in possession of the property and able to administer full relief to the petitioner, should allow him to bring another action in the same court to try out his alleged title to or interest in the property.

Presumably the desire is to bring an action in the District Court of the United States, Davis being described in his petition as a citizen of New York. In such cases much depends on the character of the action. If in the nature of a suit *in personam* not affecting specific assets, the court of the receivership may consistently allow its receiver to be sued in another court in the exercise of its discretion. But if, as in this case, the action relates to the title to, or right of possession of, property which has already been taken into the custody of the court, "the rule that where a court has once acquired jurisdiction over a particular subject-

matter, it retains it free from interference by any other court, is that which governs." *Links* v. *Connecticut River Banking Co.*, 66 Conn. 277, 284, 33 Atl. 1003.

There is no error.

In this opinion the other judges concurred.