## HATTIE FINK
*vs.*
## DANIEL T. FARRINGTON, SR., ET AL.

| Superior Court | New Haven County | File No. 13827 |
| --- | --- | --- |
| | (At Waterbury) | |

MEMORANDUM FILED MARCH 25, 1941.

*Stephen A. Homick, Hugh J. McGill,* and *Francis J. Butler,* of Waterbury, for the Plaintiff.

*William T. Keavney,* and *Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Defendants.

McEVOY, J. The ground upon which the motion rests is found in paragraphs 3 and 4 of the motion, which allege substantially that, although the receiver was appointed in the Court of Common Pleas, yet no application was filed and no order was passed permitting the institution of this suit against the receiver of the Court of Common Pleas.

The claim is augmented by the statement that this action may not be brought against a receiver of the Court of Common Pleas without first securing the consent of that court to the institution of this action.

Taking up the matter in so far as it relates to the defendant, Farrington, as receiver, but not personally.

"A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed. . . .He is presumed to be acting according to the will of that court; and to sue him is necessarily to bring in another court to take part in the disposition of the estate which has been put in his charge. The rule that where a court has once acquired jurisdiction over a particular subject-matter, it retains it free from interference by any other court, is that which governs; and cases affecting legislative receiverships, or receivers of national banks, are therefore inapplicable, as authorities." *Links vs. Connecticut River Banking Co.,* 66 Conn. 277, 284.

"The administration of its estate is in the hands of the Superior Court for Hartford County; but only in the exercise of its jurisdiction over the cause in which the receiver was appointed. It can no more make orders to affect that cause, while sitting to hear another, between different parties, pending in the same county, than if it were a different court, or in session in a different county. These distinctions are not merely formal. They are essential to the administration of justice. An estate in the possession of a receiver must be administered in the presence of those who were parties to the appointment, or they would be denied their day in court." *Links vs. Connecticut River Banking Co., supra,* 283.

In the plaintiff's brief it is claimed that this decision is

qualified by the decision in *Bashford-Burmister Co. vs. Aetna Indemnity Co.,* 93 Conn. 165.

The original suit, out of which that action arose, was brought under the provisions of a Federal statute which provided that such action should be brought in the Circuit Court of the United States "in the district in which said contract was to be performed and executed....and not elsewhere."

It was held, in the *Bashford-Burmister Co.* case that that Federal statute created a new right of action. In the *Bashford-Burmister Co.* case, at page 178, our Supreme Court, quoting from *Porter vs. Sabin,* 149 U.S. 473, 37 L. ed. 815, said: " 'It is for that court [the court appointing the receiver] in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere....and no suit, unless expressly authorized by statute, can be brought against the receiver without permission of the court which appointed him.' However general this rule may be, it must give way before the express provisions of an Act of Congress creating the right and the remedy, and definitely naming the court in which the suit authorized by the Act may be brought as the United States Circuit Court in the District where the contract was to be performed, 'and not elsewhere.' "

"The Act of Congress acts as a supersedeas and *pro tanto* displaces the jurisdiction of the court appointing the receiver over such an action." *Bashford-Burmister Co. vs. Aetna Indemnity Co., supra,* 179.

At page 179 of the opinion in the *Bashford-Burmister* case, our court said: "Neither is the question before us as to the duty of the court of the receivership to allow a claim based upon such a judgment whenever it might be presented to such court in a case where the judgment had been procured independently of any action of the court of the receivership or authorized conduct of the receivers in the litigation, or without their knowledge. The findings of facts clearly shows such action by the court, and such authorized conduct by the receivers, and such knowledge of the claims, that for reasons hereinafter stated in detail the judgment in the Arizona suit should be given the *status* of an allowed claim...."

In the *Bashford-Burmister* case it also appeared (p. 168) that "on January 18th, 1911, the Superior Court for Hartford

County by a general order authorized the receiver to continue the defense of actions pending against the Aetna Indemnity Company in other States.... [and that] the receivers instructed Hatton concerning the defense of the action and that the defense should be in tht name of the Aetna Indemnity Company, the corporation, and that he should not, nor should he permit the Arizona counsel, to disclose to the real plaintiffs in said action the fact of the receivership, or that the defense was being continued under the advice and at the request of the receivers...."

In the *Bashford-Burmister* case the Superior Court, in which the receivership was pending, authorized the receiver to act, possibly indirectly, but nevertheless to act in the defense of the case in which a claim was later presented to the Superior Court having original jurisdiction of the matter.

It would seem that the policy of requiring application for permission to bring suit against the receiver in the original court is so firmly established in this State that a change in that policy should be enunciated either by our Supreme Court or prescribed by statute.

Statutory action was resorted to in the Federal court, where, as indicated in the provisions set out in section 125 of title 28 of the United States Code (Judicial Code, §66), it was provided that: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

There is another practical consideration which should be carefully considered in the decision of this motion.

In the complaint, the order by the terms of which the defendant, Daniel T. Farrington, Sr., was appointed receiver in the Court of Common Pleas is annexed and in paragraph 3 of the annexed order the following appears: "3. That said Daniel T. Farrington, Sr., immediately upon the taking effect of his said appointment shall proceed [to take possession of

said premises]* to collect all moneys now due or which shall hereafter become due for rents, and to [otherwise manage and control said premises and]* make the necessary expenditures for the preservation and proper maintenance of said premises."

It should be observed that the general order, as originally presented to the Common Pleas Court, was altered and that the words "to take posession of said premises" and the words "otherwise manage and control said premises and" were stricken out by pen lines drawn through them.

This order was carefully drawn so as to precisely limit the function of the receiver. It will be observed that, in paragraph 3 just referred to, the order contains the concluding provision authorizing the receiver to "make the necessary expenditures for the preservation and proper maintenance of said premises."

This latter item of authority is to be taken into consideration and read in connection with the allegation in paragraph 2 of the first count of the complaint that "pursuant to said court order, said Daniel T. Farrington, Sr., took possession of said premises...."

It would seem a fair interpretation to find that it was the intention of the pleader, in the present action, to allege that the receiver did take possession of the premises.

In view of the apparent intention of the Court of Common Pleas to carefully circumscribe the activities and to limit the power of the receiver it would seem that it would have been appropriate to have presented to that court an application for permission to sue the receiver, since such application would, naturally, have brought before the court the question of authorizing the receiver to retain counsel to defend him if such action were brought. It is readily apparent that if this matter were not properly placed before the Court of Common Pleas for its consideration there might have been a serious question about the approval of the receiver's account if, in rendering it, he included in that account a deduction for compensation paid to counsel for his defense in this action.

Obviously, the purpose of the plaintiff, in making the receiver a party to this action, is to endeavor to collect any judgment obtained from funds in the hands of the receiver, as such.

* Lines drawn through words in brackets in original.—Ed.

While there may be a question, under the pleadings and the order of the Common Pleas Court, as to whether the property, i.e., the real estate, was in the possession of the receiver—and, therefore, in the possession of the court—it would seem that rents collected by the receiver would be in the possession of the receiver who would hold them subject to the order of the court which appointed him—and therefore, really in the possession of the court.

It would, therefore, appear that application for permission to sue the receiver, in an endeavor to sequester court funds in his possession, should have originally been made to the appointing Court of Common Pleas before the institution of this action against the receiver.

The distinction between the rules which generally govern the appointment of receivers and the rules and procedure respecting receivers of rents appears from the change made in the rules in section 248 of the 1934 Practice Book.

Viewed from the aspect of control by the appointing court of its officer and the assets in his hands and their distribution in an orderly way, it would seem that the requirement that permission be obtained from the appointing court for the institution of any action against its receiver is logically based and should be upheld.

For all of the reasons stated the motion to drop Daniel T. Farrington, Sr., *as receiver,* is granted.

The part of the motion directed to the request that Daniel T. Farrington, Sr., in his personal capacity, be dropped, stands upon a different foundation.

In paragraph 16, of the second count, it is alleged that Daniel T. Farrington, Sr., pursuant to an agreement made with others, took possession of the property in question in the latter part of October, 1938, and was in possession of the premises under the terms of that agreement until the 24th day of May, 1939.

The complaint contains a third count counting on nuisance.

Paragraph 16, just referred to, is also made paragraph 16 of the third count. In paragraph 19 of the third count the following allegation appears: "19. Said injuries to the plaintiff were caused by and due to the creation and maintenance of said nuisance by said defendants."

Daniel T. Farrington, Sr., in his individual capacity, is one of the defendants previously named and expressly referred to in paragraph 19 of the third count.

It would seem, therefore, that the allegations of the complaint are comprehensive enough to include and present for determination a claim against Daniel T. Farrington, Sr., in his individual capacity, as distinguished from that of his capacity as receiver.

For the reasons stated, the motion to drop Daniel T. Farrington, Sr., in his individual capacity, is denied.