STANLEY V. TUCKER *v.* AMERICAN INSURANCE COMPANY ET AL.
(2512)

DUPONT, C.P.J., HULL and DALY, Js.

Argued January 8—decision released March 19, 1985

*Stanley V. Tucker,* pro se, the appellant (plaintiff).

*Frederick D. Augenstern,* for the appellees (defendants).

DALY, J. The plaintiff instituted a three count complaint in the Housing Session against several tenants, the receiver of rents and the surety on the receiver's bond, seeking to recover unpaid rent and seeking to recover damages on allegations of negligence.[1] From the granting of the defendants' motion to dismiss, the plaintiff has appealed to this court.

---

[1] Although the tenants have been named defendants, they are not involved in this appeal.

The plaintiff alleges that he is the owner of a two-family residence located at 69 Amity Street in Hartford. He claims, in the first two counts, that there are rents due for which the defendants are responsible. The plaintiff further alleges, in the third count, that the defendant receiver was negligent in not securing the premises after evicting tenants on the first floor, thus permitting a fire and vandalism to occur at the premises. The defendant surety and the defendant receiver, in their motion to dismiss, claim that the Housing Session has no jurisdiction in this matter since a receiver of rents is under the jurisdiction of the appointing court, i.e., the Superior Court for the judicial district of Hartford-New Britain at Hartford, and there is no allegation by the plaintiff that consent was obtained therefrom prior to the institution of this action.

The trial court found, in dismissing the complaint, that this was a suit to have the receiver account to the court and to the plaintiff for her activities in carrying out her duties as a receiver. The plaintiff's remedy, the trial court concluded, was not the institution of this action but the presentation of his claim before the court in which a foreclosure action involving the same realty is pending or the appointing judge of the receiver. Practice Book § 509. We agree.

"When a receiver is appointed in a foreclosure action to take charge of the property, he holds it as an arm of the court." *New Haven Savings Bank* v. *General Finance & Mortgage Co.,* 174 Conn. 268, 270, 386 A.2d 230 (1978); *Desiderio* v. *Iadonisi,* 115 Conn. 652, 655, 163 A. 254 (1932); *Bergin* v. *Robbins,* 109 Conn. 329, 335, 146 A. 724 (1929). "The nature of the duties imposed by the office demands that the court protect its own officer while acting strictly under the orders of the court. This courts of equity constantly do, in forbidding the bringing of suits against receivers without the consent of the court. Such consent will not be

granted where the receiver has kept clearly within the scope of his authority and acted wholly under the direction of the court." *Walsh* v. *Raymond,* 58 Conn. 251, 255, 20 A. 464 (1889).

"A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed. . . . He is presumed to be acting according to the will of that court; and to sue him is necessarily to bring in another court to take part in the disposition of the estate which has been put in his charge. The rule that where a court has once acquired jurisdiction over a particular subject-matter, it retains it free from interference by any other court, is that which governs . . . ." *Links* v. *Connecticut River Banking Co.,* 66 Conn. 277, 284, 33 A. 1003 (1895).

"It would seem that the policy of requiring application for permission to bring suit against the receiver in the original court is so firmly established in this State that a change in that policy should be enunciated either by our Supreme Court or prescribed by statute." *Fink* v. *Farrington,* 9 Conn. Sup. 381, 384 (1941). We believe that the requirement that permission be obtained from the appointing court for the institution of any action against its receiver is logically based and should be upheld.

There is no error.

In this opinion the other judges concurred.