Per Curiam.
The plaintiff appeals from the trial court’s granting of summary judgment in favor of the defendants. The plaintiff claims that the court erred (1) in granting summary judgment based on a defense which was not specially pleaded by the defendants, (2) by not finding that permission of the court is unnecessary to sue a court appointed receiver after the receivership has been terminated, (3) in finding a lack of subject matter jurisdiction due to the plaintiff’s failure to obtain permission to sue the receiver, (4) in unconstitutionally denying the plaintiff access to the courts, and (5) in rendering summary judgment “on grounds in law and fact that are false.”
This case is controlled by our decision in Tucker v. American Ins. Co., 3 Conn. App. 397, 488 A.2d 1278, cert. denied, 196 Conn. 802, 492 A.2d 1239 (1985). “ ‘A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed.’ ” Id., 399, quoting Links v. Connecticut River Banking Co., 66 Conn. 277, 284, 33 A. 1003 (1895). The plaintiff’s failure to obtain permission of the court to sue the receiver is dispositive of this appeal.
There is no error.