[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff seeks to recover unpaid rent for the period July, 1981 through October, 1983. Previously, the Court, Aronson, J., granted the motions to dismiss brought by defendants American Insurance Company and Francis Gionfriddo. The remaining defendants are Digna Arroyo, Delma Cotto and Hermina Hernandez. The latter is deceased; plaintiff insists nevertheless in pursuing his claim against her.
The facts giving rise to this suit are as follows. The parties entered into a one year written lease for the second floor apartment owned by plaintiff and located at 69 Amity Street in Hartford. The term of the lease was one year, beginning June 1, 1981, and concluding May 31, 1982. Defendant Delma Cotto, who never lived in the apartment, signed the lease as a guarantor for defendants Arroyo and Hernandez who resided in the apartment. The agreed upon rent was $275. The lease required a $275 security deposit, but the parties dispute whether it was ever paid. Paragraph 3 of the lease provides that the lease automatically renews at its expiration unless either party provides thirty day termination notice. Neither this nor any other provision of the lease provides for a rent increase in the event the lease self CT Page 91 renews.
In August, 1992, after the written lease expired, plaintiff gave notice of his intent to raise the rent to $300 per month. Defendants never agreed, orally or in writing, to the proposed increase. In June, 1983, plaintiff served a notice to quit on defendants, alleging termination of the lease because of non-payment of rent. In October, 1983, defendants vacated the apartment. The parties agree that the only monies paid for rent during defendants' tenancy was $275 for June, 1981. The parties further agree that defendants offered and plaintiff accepted $95 as partial use and occupancy for June, 1983.
Plaintiff's property was the subject of a foreclosure action during the period in which defendants resided in the apartment. In December, 1981, in Docket #224027, the Court, Brennan, J., appointed Frances Gionfriddo, doing business as Plaza Realty, as the receiver of rents for 69 Amity Street. Because of various challenges to the court's and receiver's authority by Tucker, the defendant in the foreclosure action, the receiver did not post the required bond until July, 1982. As previously mentioned, both Gionfriddo and her surety, American Home Insurance, were named as defendants in this action, but the counts against them were dismissed. Tucker v. American Insurance Company, 3 Conn. App. 397 (1985). The receivership was terminated by the Court, Brennan, J., in May, 1983. In August, 1983, the Court, Barall, J., entered a judgment of strict foreclosure against Mr. Tucker.
A 1981, inspection of the premises by inspectors from the City of Hartford License and Inspections Housing Code Division found multiple housing code violations in defendants' apartment including broken windows and roach infestation. An inspection of the apartment in August, 1983, against found numerous code violations.
Plaintiff seeks to recover unpaid rent for the period June, 1981, through October, 1983. Defendants interpose a number of special defenses and also counterclaim for the unreturned security deposit plus interest. Because the nature of defendants' special defenses affect different periods of their tenancy, plaintiff's claims will be considered in reference to the time frames affected by the special defenses. CT Page 92
July, 1982 through May, 1983
Defendants allege as a special defense that plaintiff is barred from recovering unpaid rent for that period during which a receiver of rents was appointed in connection with the foreclosure action concerning the subject premises. The specific period in question is July, 1982 through May, 1983. This court has decided in at least three previous cases, all involving this same plaintiff, that the owner of a property is precluded from recovering unpaid rents during that period when a receiver of rents is acting as the agent of the court in a foreclosure action. Frank Smith Associates v. Tucker, SPH 8002-5128 (Housing Session Hartford-New Britain Judicial District, November 26, 1980) #348; Tucker v. Delgado, SPH 8206-15218 (Housing Session, Hartford-New Britain Judicial District, May 13, 1983) #404; Tucker v. Lopez, SPH 8205-14859 (Housing Session, Hartford-New Britain Judicial District, May 13, 1983) #405. Plaintiff has not presented any reasoned argument as to why those decisions should no longer be controlling. Accordingly, plaintiff is barred from recovering unpaid rent for that period when the receiver of rents was duly authorized to receive and collect rents for 69 Amity Street, Hartford. Although the receiver was appointed in December, 1981, bond was not posted by her until July, 1982. Assuming, without deciding, that the receiver's appointment was not effective until her bond was posted, plaintiff is precluded from recovering any rent from the period July, 1982, through and including May, 1983, when the receiver was discharged.
The next question is whether plaintiff can recover rent for the period prior to appointment of the receiver, i.e., July 1, 1981 through June, 1982. In their first special defense defendants allege that no rent was recoverable for this period because plaintiff failed to discharge his responsibility to maintain a safe and habitable premises and failed to comply with local housing codes as required by General Statutes 47a-7. General Statutes 47a-4 prohibits a landlord from recovering rent for any period during which he has failed to comply with 47a-7. Defendants have sustained their burden of establishing that substantial housing code violations, including broken windows and roach infestations, existed during their tenancy. Accordingly, plaintiff is barred from recovering any rent from the period July 1, 1981 through June, 1982. Thomas v. Roper, 162 Conn. 343 (1972); CT Page 93 Conaway v. Prestia, 191 Conn. 484 (1983)
June, 1983 through October, 1983
The remaining question is whether plaintiff can recover rent for the period after the discharge of the rent receiver, in May, 1983, through the termination of the tenancy, in October, 1983. In June, 1983, plaintiff served a notice to quit on the defendants, thereby terminating their lease. Once a notice to quit is served a tenant is relieved of the obligation to pay rent, and is required, if at all, to pay use and occupancy. Unless the tenancy is reinstated or the notice to quit is defective on its face, the tenant has no ongoing obligation to pay rent. Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574 (1988). Because the notice to quit was served in June, defendants have no obligation to pay rent for that month forward, unless the lease was reinstated. No proof has been presented of a reinstatement. Therefore no rent is owed from June, 1983 through October, 1983. Plaintiff does not seek to recover use and occupancy.
Defendants have sustained their first, second and fourth special defenses. Judgment for plaintiff on defendants' counterclaim. Defendants' have not sustained their burden of proving that a security deposit was paid.
SO ORDERED.
Robert L. Holzberg