[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the Court today is the motion of plaintiff Pip's Inc. for an order restraining receiver Westford Asset Management from 1) entering upon the premises at 1321 Boston Post Road in Madison, Connecticut, for any purpose other than ordinary maintenance and security; and from 2) allowing any party access to the premises until this Court rules upon a pending motion to open judgment in the summary process case entitled Nicholas Pastore by Westford Asset Management v.Pip's and Clem Gazillo (No. SPNH 9511-45207). The Court has scheduled said case for a further hearing on February 17, 1996 at 9:30 a.m.
However, the defendant in this case has filed a motion to dismiss in which it argues that the plaintiff can not proceed with this motion for injunctive relief without having initially obtained permission to do so from the Court which appointed it the receiver. The plaintiff cites Tucker v.American Insurance Company, et al. 3 Conn. App. 397 (1985) as support for its position.
The court allowed counsel for Centerbank to appear as amicus. Centerbank is the successor in interest to Great Country Bank, the foreclosing party in the action in which defendant Westford Asset Management was appointed receiver. Counsel for Centerbank contends that the defendant's position in its motion to dismiss is supported further by the case of Links et al. v. Conn. River Banking Company et al,66 Conn. 277 (1895). In Links, supra, the Supreme Court stated, inter alia, that "[a] receiver appointed by judicial authority, cannot in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which CT Page 1429 he was appointed." Id. at 284. The essence of this principle was affirmed in an actively contested receivership issue involving a court of the state and federal government in the case of Porter v. Sabin,149 U.S. 473, 479 (1893).
Since the plaintiff has not presented evidence of permission from the Court appointing the receiver to commence and maintain this proceeding, this Court declines to further entertain the plaintiff's requests for relief. Accordingly, the Court hereby grants the defendant's motion to dismiss.
Clarance J. Jones, Judge