[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE (#103)
 I FACTS
This case arises out of personal injuries and damages sustained by the plaintiff, Gregory Harvey, on March 14, 1999, as a result of tripping on a fuel line cap located in the middle of a sidewalk at the Brookwood Lane Apartments (property) in Woodstock. On March 30, 2001, the plaintiff filed a complaint against the defendant, Investing Management Associates, Inc. (IMA),[1] alleging that IMA's negligence and carelessness were the proximate cause of his injuries. On July 9, 2001, IMA filed a motion to strike the plaintiff's complaint for failure to obtain permission from the court to file suit against IMA as the receiver of rents. In support of its motion to strike, IMA also filed a memorandum of law. On February 28, 2002, the plaintiff filed a memorandum of law in opposition.
 II DISCUSSION
IMA argues in its memorandum of law in support of its motion to strike that before a claimant may file suit against a court appointed receiver of rents, it must first obtain permission from the court that appointed the receiver. IMA asserts that such permission is necessary because the receiver is deemed to be acting according to the will of the court and, therefore, presumed to be acting within the will of the judicial authority. In addition, IMA claims that in order for permission to be granted, the court must first find that the petitioner has stated a prima facie cause of action against the receiver of rents. Moreover, IMA avers it is imperative that a court grant permission before the receiver is sued because the court itself is the subject of the suit and not the receiver. Lastly, IMA argues that because the plaintiff failed to allege CT Page 8665 in his complaint that he received the court's permission to sue IMA, he failed to state a valid cause of action.
In response, the plaintiff argues that he is not required to first seek the court's permission to sue IMA. The plaintiff maintains that his claim against IMA is one against the receiver in its individual capacity because IMA was in possession and control of the property at the time he sustained his injuries. Additionally, the plaintiff argues that the case at bar is analogous to a claim against a receiver of rents appointed for an apartment dwelling pursuant to General Statutes § 47a-56f (b).[2]
Furthermore, the plaintiff asserts that where the present claim does not concern the receiver's conduct in preserving and protecting the property, but instead involves a claim for injuries he sustained as a result of the condition of the property, he should not be required to seek permission from the court to sue IMA. "[A] receiver is an officer of the court appointed on behalf of all who may establish an interest in the property. . . . The receiver holds the property as an arm of the court and his possession is not that of the mortgagee. . . . If a receiver neglects to perform the duties required of him, the proper procedure is to petition the court for his removal. . . . A receiver may also be subject to suit, but only with the permission of the court. . . . The requirement of court permission is essential for the protection of receivers against unnecessary and oppressive litigation. . . ." (Citations omitted; internal quotation marks omitted.) Hartford Federal Savings LoansAssn. v. Tucker, 196 Conn. 172, 178, 491 A.2d 1084, cert. denied,474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985).
"A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed. . . . He is presumed to be acting according to the will of that court; and to sue him is necessarily to bring in another court to take part in the disposition of the estate which has been put in his charge. The rule that where a court has once acquired jurisdiction over a particular subject-matter, it retains it free from interference by any other court, is that which governs. . . ." (Internal quotation marks omitted.) Hartford Federal Savings Loan Assn. v. Tucker,13 Conn. App. 239, 244, 536 A.2d 962, cert. denied, 207 Conn. 805,540 A.2d 373 (1988); accord Summerbrook West, L.C. v. Foston,56 Conn. App. 339, 344, 742 A.2d 831 (2000) (no suit, unless expressly authorized by statute, can be brought against receiver without obtaining permission from court that appointed him); Tucker v. American Ins. Co.,3 Conn. App. 397, 399, 488 A.2d 1278, cert. dismissed, 196 Conn. 802,492 A.2d 1239 (1985) (policy of requiring permission to sue receiver in original court is firmly established in Connecticut and a change in policy should be declared by our Supreme Court or prescribed by statute). CT Page 8666
In the present case, the plaintiff initiated suit against IMA as the receiver of rents without obtaining permission from the court that appointed IMA as the receiver. Under Connecticut law, no suit may be initiated against a receiver of rents, absent statutory authority, without the permission of the court that appointed the receiver. SeeHartford Federal Savings Loans Assn. v. Tucker, supra, 196 Conn. 178;Summerbrook West, L.C. v. Foston, supra, 56 Conn. App. 344; HartfordFederal Savings Loan Assn. v. Tucker, supra, 13 Conn. App. 251-52;Tucker v. American Ins. Co., supra, 3 Conn. App. 399. The plaintiff argues that he is suing IMA in its individual capacity pursuant to §47a-56f (b) for injuries he sustained as a result of the condition of the property and that § 47a-56f (b) does not require permission from the court that appointed IMA as receiver before suit may be initiated. "The question of whether a particular statute . . . applies to a given state of facts is a question of statutory interpretation. . . . Statutory interpretation presents a question of law for the court." (Citation omitted; internal quotation marks omitted.) Meadows v. Higgins,49 Conn. App. 286, 291, 714 A.2d 51 (1998), rev'd on other grounds,249 Conn. 155, 733 A.2d 172 (1999). "A cardinal rule of statutory construction is that where the words of a statute are plain and unambiguous the intent of the [drafters] in enacting the statute is to be derived from the words used." (Internal quotation marks omitted.) Boardof Education v. Naugatuck, 70 Conn. App. 358, 376 ___ A.2d ___ (2002). General statutes § 47a-56f (b) authorizes liability in specified circumstances, but does not obviate the need to have the court that appointed the receiver first determine whether the claimant's complaint presents frivolous allegations that would lead to unnecessary and oppressive litigation. When reading § 47a-56f (b) in conjunction with appellate case law,[3] this court finds § 47a-56f (b) does not allow a plaintiff to bypass the policy of obtaining permission to sue from the court that appointed the receiver. Thus, in construing the facts as alleged in the plaintiff's complaint most favorably to the plaintiff, the facts do not support a cause of action.
 III CONCLUSION
For the foregoing reasons, IMA's motion to strike the plaintiff's complaint is granted.
Francis J. Foley, III Judge of the Superior Court