[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #107
On December 8, 1999, the plaintiff, Jennifer Tweedie, filed a three-count complaint against the defendants, Shana L. Hughes and the state of Connecticut department of transportation (state), to recover damages for injuries she allegedly sustained as a result of a motor vehicle accident. In counts one and two of her complaint, the plaintiff alleges claims for negligence and recklessness against Hughes. In count three the plaintiff alleges a highway defect claim against the state pursuant to General Statutes § 13a-144. On April 10, 2000, Hughes filed a cross claim for apportionment against the state alleging that the plaintiff's injuries, if any, were caused by the state's negligence. CT Page 11216
On April 14, 2000, the state filed a motion to dismiss Hughes's cross claim for apportionment for lack of subject matter jurisdiction. The state has submitted a memorandum of law in support of the motion and Hughes has submitted a memorandum in opposition thereto.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss . . . It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations omitted; internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996). CT Page 11217
The state moves to dismiss Hughes's cross claim for apportionment on the ground that the doctrine of sovereign immunity bars common law negligence actions against it, unless there is an express statutory waiver of immunity. The state argues that because Hughes's cross claim for apportionment is based upon common law negligence, and there is no statutory waiver of immunity, it is barred by sovereign immunity. Moreover, since the apportionment statute only permits apportionment claims based upon a common law negligence theory, the state argues that an apportionment claim cannot be based upon a statutory cause of action such as the defective highway statute.
In opposition to the motion, Hughes argues that the state has waived its sovereign immunity. Indeed, Hughes argues that Public Acts 1999, No. 99-69, § 1 (P.A. 99-69), amended General Statutes § 52-572h(o) to permit apportionment in statutory negligence claims.[1] Thus, because General Statutes § 13a-144 authorizes a statutory negligence action against the state, Hughes argues that P.A. 99-69 waives sovereign immunity and § 52-572h(o), as amended, permits an apportionment action against the state.[2]
"[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends. . . . This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." (Citations omitted; internal quotation marks omitted.) Shay v. v. Rossi, 253 Conn. 134, 168, ___ A.2d ___ (2000). "[W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) Babes v. Bennett, 247 Conn. 256, 262, 721 A.2d 511 (1998).
It is well established that actions against the state are barred by the application of the doctrine "of sovereign immunity. See Shay v. Rossi, CT Page 11218 supra, 253 Conn. 168. However, sovereign immunity may be waived where the legislature evinces a clear intention to do so by the use of express terms. See Babes v. Bennett, supra, 247 Conn. 262. The court finds that § 52-572h(o), as amended by P.A. 99-69, does not waive sovereign immunity to permit apportionment claims against the state based upon common law negligence. Rather, P.A. 99-69 permits apportionment claims "among parties liable for negligence in any cause of action created bystatute based on negligence. . . ." (Emphasis added.) See P.A. 99-69. Here, Hughes's apportionment claim against the state is based upon common law negligence and is not a cause of action created by a statute based on negligence. Therefore, because the state has not consented to the maintenance of common law negligence actions against it and §52-572h(o), as amended, does not authorize apportionment claims against the state based upon common law negligence, the doctrine of sovereign immunity applies.
Based upon the foregoing, the state's motion to dismiss the cross claim for apportionment is granted.
GROGINS, J.