[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PERMISSION TO SUE THE RECEIVER OF RENTS (#117) MOTIONS FOR SUMMARY JUDGMENT (#112), (#125) AND (#126)
 I FACTS AND PROCEDURAL BACKGROUND
This case arises out of personal injuries sustained by the minor plaintiff, Katiria DeJesus, when she fell from a balcony located on the exterior of her second floor apartment. This action is brought by DeJesus' mother and next friend, Carmen Aponte, on DeJesus' behalf, as well as her own. The operative facts are as follows. On August 2, 1998, DeJesus was walking on the exterior balcony of her second floor apartment when she slipped and fell, landing approximately ten feet below on some cement stairs. The balcony had no railings or other enclosures.
The complaint is brought in six counts.[1] Counts one and two are brought against Ellen J. Smith for negligence, alleging that she was in possession and control of the property where DeJesus was injured. Counts three and four are brought against Steven Knower, as Receiver of Rents, for negligence, alleging that he was in possession and control of the property.[2] Counts five and six are brought against Investors Management Associates, Inc, (IMA) for negligence, alleging that it was in possession and control of the property.[3] On October 16, 2000, Smith filed a cross claim (#108) against both IMA and Knower for common law indemnification.[4] On October 26, 2000, IMA filed a cross claim (#115) against both Smith and Knower, also for common law indemnification.
The following motions were heard: Smith's motion for summary judgment on DeJesus' complaint (#112); DeJesus'[5] motion for permission to sue the receiver of rents (#117); IMA's motion for summary judgment on DeJesus complaint (#125); and IMA's motion for summary judgment on Smith's cross complaint (#126). CT Page 5741-fc
 II DISCUSSION A Smith's Motion for Summary Judgment on DeJesus' Complaint (#112)
Smith moves for summary judgment on the first and second counts of the complaint on the ground that, pursuant to a June 15, 1998 order of the court (Sferrazza, J.), she did not have possession and control of the property upon which DeJesus was injured, and, therefore, did not owe a duty of care to the plaintiffs. Specifically, Smith argues that IMA "assumed possession and control of the property pursuant to the Court appointment, and there is no evidence, other the [Smith's] ownership of the property, to contradict her assertion that she had neither possession nor control of the property at the time of the slip and fall." (Smith's memorandum, p. 6.)
DeJesus argues that Smith was in possession and control of the premises at the time of the minor plaintiff's injuries and that the dangerous balcony condition existed prior to a receiver being appointed. Accordingly, DeJesus argues, Smith owed a duty of care to the plaintiffs. In support of this argument, DeJesus cites to General Statutes § 47a-56e, which states: "Nothing in sections 47a-56 to 47a-56i, inclusive, shall be deemed to relieve the owner of such property of any civil or criminal liability incurred or any duty imposed by reason of acts or omissions of the owner prior to the appointment of any receiver thereunder, nor shall anything contained therein be construed to suspend during the receivership any obligation of the owner for the payment of taxes or other operating and maintenance expenses of the property or any obligation of the owner or any other person for the payment of mortgages or liens."
The applicability of General Statutes § 47a-56e need not be determined in this motion for summary judgment because the court finds that Smith has failed to meet her burden of proof as to the absence of any genuine issue of material fact.
In support of her motion for summary judgment, Smith relies uponVaysman v. Farmdale Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537841 (September 30, 1996,Aurigemma, J.), where the court granted the property owner's motion for summary judgment holding that the court-appointed receiver of rents was in possession and control of the premises at the time of the plaintiff's CT Page 5741-fd slip and fall. The court order at issue in the Vaysman case specifically "authorized the receiver to collect all rents and to repair and maintain the property, remove any delinquent matters and deficiencies in the property constituting a serious fire hazard or a serious threat to life, health or safety, and [e]xpend reasonable amount necessary for liability, fire, and casualty insurance for the Premises." (Internal quotation marks omitted.) Id. Judge Sferrazza's June 15, 1998 order was not as sweeping in its scope.
The June 15, 1998 order specifically authorized IMA to "take control, manage and collect the rents on the property known at 161 High Street, Willimantic, Connecticut and pay expenses including but not limited to receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the property." Although Smith has filed an affidavit along with her motion for summary judgment that states, in part, that she "did not control or possess the subject property at the time of the subject accident;" (Smith's, October 17, 2000 Affidavit, ¶ 11); this statement is nothing more than a conclusion of law and is self-serving.
Judge Sferrazza's June 15, 1998 order authorized IMA to "take control, manage and collect the rents on the property" and to pay certain expenses. This court is not willing to read more into this order than what is plainly stated. The order did not specifically authorize the receiver to repair and maintain the property, remove any delinquent matters and deficiencies in the property constituting a serious fire hazard or a serious threat to life, health or safety as did the order inVaysman v. Farmdale Associates, supra, Superior Court, Docket No. 537841.
"[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment. . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, orsubstantial evidence outside the pleadings to show the absence of any material dispute." (Citations omitted; emphasis in original; internal quotation marks omitted.) Doty v. Shawmut Bank, 58 Conn. App. 427, 430,755 A.2d 219 (2000) (issues of material fact existed as to who possessed or controlled the foreclosed premises).
Practice Book § 17-46 provides that an affidavit in support of a motion for summary judgment "shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence. . . ." When deciding a motion for summary judgment, the court must consider only CT Page 5741-fe the factual statements contained in the affidavit. See Compass Bank forSavings v. Katz, Superior Court, judicial district of New London at New London, Docket No. 536458 (March 11, 1997, Booth, J.). Smith's assertion, at ¶ 11 of her affidavit, that she "did not control or possess the subject property at the time of the subject accident" sets forth nothing more than a conclusion of law regarding her interpretation of the June 15, 1996 order. Legal conclusions are not factual in nature, and they should be disregarded by the court. See Farrell v. Farrell,182 Conn. 34, 39. 438 A.2d 415 (1980); see also Scinto v. Stamm,224 Conn. 524, 533, 620 A.2d 99, cert. denied, 510 U.S. 861,114 S.Ct. 176, 126 L.Ed.2d 136 (1993) ("summary conclusions of law and unsupported allegations in an affidavit do not entitle a party to summary judgment").
The court finds that Smith, having failed to meet her burden of proof, is not entitled to summary judgment. Accordingly, the motion, #112, is denied.
 B Motion for Permission to Sue the Receiver of Rents (#117)
On November 2, 2000, more than three months after this action was filed in the Superior Court, DeJesus filed a motion for permission to sue the receiver of rents, IMA, on the ground that it was not until after the complaint had been filed that she learned that IMA was the receiver of rents for this property. DeJesus moves pursuant to Practice Book §§21-20 through 21-24.
On November 17, 2000, IMA filed an objection to the motion on the grounds that permission to sue a receiver of rents cannot be granted retroactively, the statute of limitations for a negligence action has run, and permission to sue can only be granted by the court that appointed the receiver, and only in the same case within which the receiver was appointed. IMA also argues that, regardless of whether DeJesus was confused over the identity of the receiver, she was aware that a receiver had been appointed, but, nevertheless, did not seek permission to sue.
"[A] receiver is an officer of the court appointed on behalf of all who may establish an interest in the property. . . . The receiver holds the property as an arm of the court and his possession is not that of the mortgagee. . . . If a receiver neglects to perform the duties required of him, the proper procedure is to petition the court for his removal. . . . A receiver may also be subject to suit, but only with the permission of CT Page 5741-ff the court. . . . The requirement of court permission is essential for the protection of receivers against unnecessary and oppressive litigation. . . ." (Citations omitted; internal quotation marks omitted.) HartfordFederal Savings Loans Assn. v. Tucker, 196 Conn. 172, 178, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985).
"A receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without the leave of the court whose officer he is, granted in the cause in which he was appointed. . . . He is presumed to be acting according to the will of that court; and to sue him is necessarily to bring in another court to take part in the disposition of the estate which has been put in his charge. The rule that where a court has once acquired jurisdiction over a particular subject-matter, it retains it free from interference by any other court, is that which governs. . . ." (Internal quotation marks omitted.) Hartford Federal Savings Loan Assn. v. Tucker,13 Conn. App. 239, 244, 536 A.2d 962, cert. denied, 207 Conn. 805,540 A.2d 373 (1988); accord Summerbrook West, L.C. v. Foston,56 Conn. App. 339, 344, 742 A.2d 831 (2000) (no suit, unless expressly authorized by statute, can be brought against a receiver without obtaining permission from the court that appointed him); Tucker v.American Ins. Co., 3 Conn. App. 397, 398, 488 A.2d 1278, cert. dismissed, 196 Conn. 802, 492 A.2d 1239 (1985) (same).
DeJesus, although arguing that she did not become aware of IMA's appointment as receiver of rents until sometime after the initiation of suit, was aware that some entity had been appointed as receiver of rents. The complaint itself names Knower as the receiver. DeJesus, despite the knowledge that a receiver had been appointed, never sought permission of the court to initiate suit. Further, there is no indication that DeJesus sought to verify the name of the actual receiver or to join in the action in which the receiver was appointed.
Our long-standing case law provides that no suit may be initiated against a receiver of rents, absent statutory authority, without the permission of the court that appointed the receiver. See Hartford FederalSavings Loans Assn. v. Tucker, supra, 196 Conn. 178; Summerbrook West,L.C. v. Foston, supra, 56 Conn. App. 344; Hartford Federal Savings LoanAssn. v. Tucker, supra, 13 Conn. App. 251-52; Tucker v. American Ins.Co., supra, 3 Conn. App. 398. Although DeJesus now seeks such permission to file suit against the receiver, her motion for permission was filed more than three months after the complaint, and it was filed in an action separate from the one in which the receiver was appointed. Even if the court were to determine that the action may be commenced separately, CT Page 5741-fg DeJesus cites no authority, and the court, despite exhaustive research, is unable to find any authority, to support her request that she be granted permission to file suit retroactively.
Accordingly, DeJesus' request for permission to sue the receiver of rents is denied.
 C IMA's Motion for Summary Judgment on Dejesus' Complaint (#125)
IMA moves for summary judgment as to counts five and six of DeJesus' complaint on the ground that DeJesus did not first obtain permission to sue before proceeding with this action. In the alternative, IMA moves on the ground that it did not have a duty to maintain the premises. DeJesus argues that she should be allowed to commence this separate action and be granted permission to sue retroactively. She also argues that there exists an issue of fact as to whether IMA had a duty to maintain the property. As discussed in Part II A of this opinion, no suit may be initiated against a receiver of rents, absent statutory authority, without the permission of the court that appointed the receiver.[6]
Accordingly, IMA's motion for summary judgment, #125, is granted.
 D IMA's Motion for Summary Judgment on Smith's Cross Claim (#126)
IMA, as the crossclaim defendant, moves for summary judgment on Smith's cross claim on the ground that Smith's claim for indemnification fails as a matter of law because she did not obtain permission of the court before initiating her claim.[7] In the alternative, IMA moves on the ground that Smith fails to set forth a prima facie case for common law indemnification. As to the first ground of IMA's motion, Smith argues that her cross complaint "is only derivative of the plaintiffs' Complaint. As a result, as long as [IMA] is a party to the action, [Smith] did not need separate permission to make a claim for indemnification." (Smith's Objection, p. 2.)
Practice Book § 10-10 provides, in part: "A defendant may . . . file a counterclaim or cross claim under this section against any otherparty to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant." (Emphasis added.) Although at the time Smith filed her cross claim against IMA, IMA was a named party to this action, it was not a proper party because the court lacked subject matter jurisdiction due to the plaintiffs' failure to properly obtain permission to sue. Cf. NemecekCT Page 5741-fhv. Town of Ashford, Superior Court, judicial district of Tolland, Docket No. 070811 (June 1, 2000, Bishop, J.) (27 Conn. L. Rptr. 312) (apportionment cross claim must be dismissed where the cross claim defendant was not a proper party to the original complaint); but seeOsinski v. Pelletier, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 380465 (March 20, 1992, Hennessey, J.) (6 Conn. L. Rptr. 206) (where "the original claim against a party is dismissed on the merits, crossclaims previously interposed against the same party remain").
Additionally, in this instance, where permission to sue was necessary for the proper commencement of the original suit against IMA, the court finds no support for Smith's argument that it was unnecessary for her to obtain permission before filing a cross claim against IMA. In Tweedie v.Hughes, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 068800 (September 15, 2000, Grogins, J.) (28 Conn. L. Rptr. 169), the co-defendant, Hughes, filed a cross claim against the state. The state moved to dismiss the cross claim for lack of subject matter jurisdiction on the ground that Hughes failed to obtain permission from the claims commissioner before initiating suit. Id. The court, in granting the motion to dismiss, held that, despite the state's being a proper defendant in the action, the codefendant needed permission to sue in order to maintain its cross complaint. Id.
In the case of a receiver of rents, our precedent is also clear; no suit may be initiated against a receiver of rents, absent statutory authority, without the permission of the court that appointed the receiver. See Hartford Federal Savings Loans Assn. v. Tucker, supra,196 Conn. 178; Summerbrook West, L.C. v. Foston, supra, 56 Conn. App. 344;Hartford Federal Savings Loan Assn. v. Tucker, supra,13 Conn. App. 251-52; Tucker v. American Ins. Co., supra, 3 Conn. App. 398. Accordingly, the court finds that Smith's cross claim was improperly filed against IMA, and grants IMA's motion for summary judgment, #126.
 III CONCLUSION
Smith's motion (#112) for summary judgment on DeJesus' complaint is denied.
DeJesus' motion (#117) for permission to sue the receiver of rents is denied.
IMA's motion (#125) for summary judgment on DeJesus' complaint is CT Page 5741-fi granted.
IMA's motion (#126) for summary judgment on Smith's cross claim is granted.
Judgment may enter accordingly,
Foley, J.